[Civ. No. 9656.    Third Dist.    Dec. 7, 1959.]

MARK HAYDEN, Appellant, v. LA FORREST K. NOELL, Respondent.

H. D. Jerrett for Appellant.

Hughes, Maul & Fogerty for Respondent.

VAN DYKE, P. J.—This action was brought to reform a deed by which plaintiff conveyed to defendant property lying in Section 36, Township 10 North, Range 9 East, Section 31, Township 10 North, Range 10 East, and Section 1, Township 9 North, Range 9 East. The reformation sought was to exclude from the conveyance the southeast quarter of the southeast quarter of said Section 36. Reformation was denied and plaintiff appealed.

The evidence concerning the contention of the parties as to the disputed 40 acres was in conflict. The conflict was resolved against the plaintiff by the trial court and under the well-known rule the judgment appealed from must be affirmed. It is unnecessary to state all of the evidence, but enough will be stated to show that there was substantial evidence to sustain the trial court's resolution of the issues.

Plaintiff and defendant had entered into an agreement for the purchase by defendant from plaintiff of a certain tract of land other than that with which we are here concerned. Before that transaction could be consummated plaintiff received an offer of a better price and asked defendant to release him from that agreement and suggested he purchase, instead, other land owned by plaintiff. The parties examined the land to be substituted, the boundaries being pointed out by plaintiff. Not all of his land in that area was offered. By their testimony at the trial the parties agreed that certain lands owned by plaintiff would be excepted from the transaction, but they were in conflict as to the southeast quarter of the southeast quarter of said Section 36. Plaintiff testified that it also was to be excluded. Defendant testified to the contrary. Defendant agreed to purchase the land pointed out for a slightly lower price than he had been bound to pay for the land he had been purchasing from plaintiff. The two went to the office of the plaintiff's real estate broker and there plaintiff marked on a plat the 40-acre government subdivisions to be conveyed. His markings included the 40 acres in dispute. This plat was introduced in evidence. Both the broker and defendant testified that it showed the land so marked by plaintiff, but plaintiff, while not denying that he had marked a plat, testified that the one introduced was not the one he had marked. It was without dispute that the easterly boundary of the land to be conveyed was to be a county road running approximately along the common north and south line of Sections 36 and 31. Although the road approximately followed this line it crossed it at one point, looped back, crossed to the other side, and then returned to the line, with the result that one small area of Section 36 lay east of the road while a larger area of Section 31, amounting to about nine acres, lay west of the road. The deed as to which reformation was sought properly excluded the small portion of Section 36 lying east of the road, but did not include the nine-acre area of Section 31 lying west of the road. This error was later corrected by a second deed which conveyed to defendant the nine-acre tract. This second and correctory deed was executed nearly a year and a half after the primary deed and at a time when defendant had listed the land he bought from plaintiff for sale. The broker discovered that not all of the land west of the road had been conveyed to defendant. Plaintiff readily executed the correctory deed, although the nine acres conveyed bordered the disputed 40 acres on the east thereof. Defend-

ant pointed out to the court what was readily apparent, that if the disputed 40 acres had in fact been intended to be reserved there would have been no point in defendant's purchasing the irregular nine-acre tract which was the subject of the correctory deed. Further supporting the trial court's decision was the presumption resting on plaintiff's execution of the deed. Plaintiff vigorously asserted that he had never intended to convey nor had he ever offered to convey to defendant the disputed 40-acre piece and he introduced evidence, oral and documentary, to substantiate his claims, but enough has been said to show that the conclusion of the trial court to the contrary is well supported by the evidence.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 3, 1960.